Thank you, Your Honor. May it please the Court, Stephen Rosales on behalf of plaintiff appellant Deborah Birch. Ms. Birch contends to this Court that the ALJ failed to comply with two binding rulings issued by the Social Security Administration. One of those rulings is Social Security ruling 003-P, which has been superseded but not negatively altered by Social Security ruling 02-01-P. The shorthand term for that would be the obesity ruling. The other ruling the ALJ failed to properly consider and comply with would be the Social Security ruling 96-7-P, which is the ruling that deals with and discusses how an ALJ must treat a claimant's testimony. With respect to the obesity ruling, 003-P was issued in response to the deletion of a former listing, 909, that dealt with whether someone could get benefits because of obesity and in conjunction with perhaps some other impairments. But obesity itself is not a separately listed impairment. Isn't that right? That's correct, Your Honor. It is no longer now with the deletion. But the Commissioner never intended obesity not to be considered throughout the disability analysis. That's why she issued in May of the AUT, I guess, 003-P, and then in September revised it somewhat due to changes in the regulations and issued 02-01-P. And in that regulation, the Commissioner specifically said, I've included obesity especially to ‑‑ I consider obesity to be considered throughout any listing of impairment. And in the ruling specifically says, ALJ should really look at musculoskeletal listings, 1.00, respiratory listings, 3.00, and I believe cardiac listings at 4.00. Because obesity, the extra weight someone carries around, is going to most impact someone with a bad back or a bad leg, someone with a bad heart, someone with bad lungs. Because the reality is an individual who's 5'4 and 110 pounds with a severe impairment of chronic obstructive pulmonary disease or a severe impairment of a back problem is going to be more impacted carrying around 100 extra pounds. And this decision by ALJ was written only five months after the issuance of 003-P. And the ALJ, in considering his decision, I believe it's at page 14, stated that Ms. Birch suffers from status post carcinoma of the right breast, mastectomy of the left breast, pulmonary ‑‑ sorry, chronic obstructive pulmonary disease, and lumbar degenerative disc disease. And considered those impairments severe, and then quickly stated, those impairments in combination with each other don't need a listing. The only time the ALJ seems to even obliquely consider Ms. Birch's obesity is when the ALJ stated, I note she's ‑‑ although the record indicates her weight has been as high as 240. I note the claimant is obese at 6'4 and 215, and this likely causes her some discomfort in her back or contributes to her back pain. But in the section, I believe again on page 16, where he discusses her COPD, ALJ doesn't discuss how the COPD is impacted by her obesity. And the commissioner, even in the ruling specifically to counsel, he does make the finding that the subjective complaints are only partially credible, in part because her activities of daily living suggest she is quite functional. She is able to care for her own personal needs, cook, clean, and shop. She interacts with her nephew and her boyfriend. She is able to manage her own finances and those of her nephew. So that the motility or mobility of the claimant is commented on after recognition of her obesity. Correct, Your Honor, but the claimant also alleged that when she does these things, she gets very tired very quickly. Yet the ALJ doesn't mention that either. Can't you read between the lines? Not so between the lines. I find the claimant's subjective complaints to be only partially credible. Complaints about pain, complaints about fatigue. I don't think the decision in this circuit allows us to read between the lines. I think the Lewin decision, L-E-W-I-N, states that the ALJ needs to provide well-articulated and well-reasoned findings. And so if this Court's only determination was to read between the lines, then ALJ could simply do a one-page decision. This claim is not disabled because I say so. And we could assume. It doesn't mean what he did right. I find the claimant's subjective complaints to be only partially credible. Correct. So it doesn't have to believe everything the claimant says about mobility and pain. But he does have to properly reject those complaints. And in this instance, he articulated only two reasons. Your Honor, Social Security ruling 96-8P specifically says that an individual in order to put what I mean by gainful activity, the commissioner says, is the ability to do 40 hours a week, five days a week. What about her daily activity says that she does them 40 hours of work, five days a week, or any equivalence? If she washes dishes for 20 minutes or 10 minutes or even a half an hour and then for 10 minutes or 20 minutes at a time doesn't equate to the fact that she can go perform work activity. So you have two competing rationales. The fact that the ALJ can, yes, properly discount subjective complaints. But unfortunately, in doing so, the reasons have to be sufficiently correct. And just saying that the Vertigan case, I believe, is V-E-R-T-I-G-A-N specifically says that just because someone does some things doesn't mean that they're disabled. Just because someone's a vegetable. Can you square that the district court found that there was no evidence in the record which stated that the claimant's obesity limited her functioning? There was no treatment notes or any diagnosis that was addressed that her limitations in any sense were caused by her obesity. There's nothing there at all. My response to that question, Your Honor, is just to cite Conant v. Barnhart, which is a case the Ninth Circuit decided this year, and said that even if a district court can come up with reasons with respect to pain testimony, I know we're discussing the obesity issue here, but even if the district court can come up with its own articulated findings based upon its own review of the record, it's impermissible for the district court to do so because that's the ALJ's job. And so what the district court has done is acted as the fact finder, pursued the record, and stated that in its opinion, objective evidence doesn't support that obesity causes any problems. That would be my response. Further, I think the district court is incorrect. The ALJ didn't even discuss in its decision whether or not she has a medically determinable impairment of obesity, but we know she does through looking at the record. The ALJ didn't basically discuss whether or not she has the severe impairment of obesity. Now, the district court said, well, since the judge didn't enumerate it as a finding, then he must have rejected it. But again, that goes back to the analysis. Can we just reject? Well, the ALJ didn't reject her limitations in their entirety. As a matter of fact, he came out that she had the residual function capacity to do to perform significant, but not a full range of work. I mean, he gave her some deference to her complaints and to her physical illnesses. But just that it didn't amount to her ability to do no work. As an attorney who represents individuals before the Social Security Administration, I simply, when it comes to a description of the claimant's testimony, it's somewhat like being, I guess, pregnant. You're just not a little bit pregnant. And the ALJ here says, I believe her a little bit, but not a lot. And Judge Posner, right in the Seventh Circuit in the recent case. No, that's not what he said. He said that she had these limitations, but not to the extent that she put forth. Right. So she's testified credibly having some limitations, but not as much as she says she does. So if she says that she can only stand for 20 minutes, she's not true. I mean, I believe that she has limitations in standing, but in reality, she can only stand for an hour. The problem I have with that is she's testifying truthfully under oath about what she can and can't do. How can an ALJ then just say, I accept that she does have some limitations, but not to go as far as she describes them. Either she's credible or she's not. And that's what Judge Posner pointed out in the Carradine decision, that he didn't use the word disingenuous, but he implicitly said it's strange to him when an ALJ accepts some of the descriptions of a claimant, especially the fact that she can do housework, some housework, but then says she's not credible. How can you say she credibly described what she can do, but then didn't credibly describe how limited what she can do? It doesn't make sense. Either she's credible or she's not. I mean, either the judge believed her or he didn't. I mean, that's my position and my argument. Now, the ALJ obviously can choose to or not to. But what I really want to focus on before resuming just a brief amount of time is that obesity wasn't properly considered. If you read the ruling correctly, talking about the individualized assessment the ALJ must do, and you read the ALJ's decision, he just didn't do it. And I reserve the last 20 seconds. All right. You may do so. Thank you. We'll hear from the Commissioner, Ms. Notewear. Good morning, Your Honors. My name is Liz Notewear, representing the Commissioner of Social Security. At counsel to my left is Dennis Mulshine. The claimant in this case submitted no medical evidence showing disabling limitations, nor has she provided any physician's opinion that she's disabled. The argument, therefore, is centering on the credibility analysis, because that's really all she has to rely on in this case.  Which, as I understand it, is that how can the ALJ reject part of her testimony but not all? And either she's credible or not. What's your response to that argument? The law on the circuit certainly has never held that an ALJ must take a claimant's statements all at face value or reject them all. I think it's perfectly proper to do a credibility analysis that analyzes both her testimony and other evidence in the record to come up with an assessment of the reliability of a claimant's subjective complaints. In this case, the ALJ looked at her testimony in terms of her activities of daily living. He also relied on such evidence as the fact that at the time of the hearing, though she was claiming disabling back problems, she hadn't received any back treatment for four months. An ALJ can properly look at that and infer from discontinuous or minimal medical treatment that a claimant is not as disabled as she claims. The claimant also testified at that hearing that her physicians had never referred her for physical therapy, for chiropractic, certainly not for surgery, not even for home exercises. The ALJ can look through the medical evidence and see that her own treating physicians don't believe that she needs more, that she needs only conservative care and can infer from that that her complaints of disabling limitations are not credible. And I'd like to point out, too, that the medical evidence in this case is more complete than most in that there's three years of being seen frequently, monthly or sometimes weekly, so that her physicians certainly were aware of her condition and never once prescribed any type of limitation to her, nor, as I said, any less conservative care than she was offered. With regard to the obesity issue, the Social Security rulings require, in essence, the ALJs to make an individualized assessment of a claimant's obesity based on evidence in the record. Looking at this record, looking at the medical evidence, it's clear that none of claimant's treating physicians felt that her obesity created any type of limitation for her. The ALJ, nonetheless, made the finding, the common sense finding, that obesity would have some impact on someone who complained of lower back pain. But I think that the ALJ rightly, in looking at the whole record, found that it certainly was not disabling. And I think, in particular, the fact that she weighed up to 227 pounds while she was a full-time working person certainly discredits her claim that now at 215 or 240, she's unable to work. Her treating physicians never said that she experienced disabling fatigue because of her obesity. They never found that she had disabling fatigue from any impairment. I think the ALJ correctly discredited her complaints of disabling fatigue as unsubstantiated in the record and also found her testimony not credible. With regard to her activities of daily living, the ALJ is not required to show that the ALJ can point out an inconsistency between what a claimant says she's able to do and what she is, in fact, doing. The ALJ is not trying to point out that the claimant is a perjurer and that she, in fact, is doing activities. She's doing 40 hours of strenuous activities a week and that she's misrepresenting herself. The ALJ can point out inconsistencies and use that as a basis for finding a claimant's not credible. Here, for instance, she conceded that she was able to do many of the activities of daily living, such as cooking, laundry, doing shopping, riding the bus. She stated merely that she wasn't able to do it consistently. And it was that unsubstantiated fatigue claim that he found not credible. Anything further? No, Your Honors. Thank you, Counsel. Mr. Rosales, talk fast. You've got 20 seconds. Yes, Your Honor. I'd simply point out that in the obesity ruling, the Commissioner specifically says obesity can contribute to breast cancer. Obesity can contribute to respiratory diseases. Obesity can contribute to musculoskeletal problems. It also says that when someone is obese, their chest and lungs work harder to expand. They get tired more easy. She has COPD. The ALJ didn't consider how the obesity affects that. That's the issue. Thank you. Thank you very much, Mr. Rosales. The case just argued will be submitted for decision. And we will now hear argument in Dease v. Billy.
judges: O'scannlain, Cowen, Bea